**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **JONATHAN WANG**<br>**Plaintiff,**<br>**vs.**<br>**GOLF TAILOR, LLC**<br>**Defendant(s).** | **Civil Action No. 6:16-cv-1163**<br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT AND UNFAIR COMPETITION AT COMMON LAW

Plaintiff Jonathan Wang, by and through counsel, hereby files this Original Complaint for patent infringement and unfair competition at common law against Defendant Golf Tailor, LLC ("Golf Tailor") and alleges as follows:

## I. PARTIES

1. Plaintiff Jonathan Wang ("Wang") is an individual who resides in the State of California.

2. On information and belief, Defendant Golf Tailor, LLC is a private company incorporated under the laws of Oklahoma with a principal place of business at 103 S. Broadway Ste 210, Edmond, OK 73034. Golf Tailor is in the business of selling, offering to sell, importing, and/or distributing golf clubs and accessories in and around the United States, this judicial district, and elsewhere within Texas. On information and belief, Golf Tailor, LLC is doing business under the trade name of XE1 Golf.

## II. JURISDICTION AND VENUE

3. This is a civil action seeking damages and injunctive relief for patent infringement arising under the patent laws of the United States including 35 U.S.C. §§ 1 *et seq*. This Court

has federal subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because on information and belief, among other things, Defendant has been and is engaged in wrongful conduct within the state of Texas and in this District, including placing into commerce goods infringing upon Wang's patent rights in this judicial district. Defendant has maintained substantial, continuous, and systematic contacts with Texas through business dealings and activities within and with residents of Texas. Defendant states that they provide "elite golf instruction accessible to all" and it indicates instruction by professional Hank Haney, who provides instruction in Texas (*see* http://www.golftailor.com/). On information and belief, Golf Tailor's CEO, Timothy Oyler, has been a member of the golf club TPC Craig Ranch and has owned and operated a business in McKinney, Texas.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). As demonstrated above and as upon information and belief, Defendant is subject to personal jurisdiction in this judicial district. Upon information and belief, Defendant has committed infringing acts in this district, has purposely transacted business involving the accused products in this judicial district, and has sold infringing products in this district to one or more customers in Texas, either directly or through their distributors.

## III. BACKGROUND AND FACTS

### A. FACTS APPLICABLE TO ALL CLAIMS

6. Wang is a designer of golf equipment who works with and through a Chinese manufacturing company, Kingstar Corporation Ltd ("Kingstar"). Wang and Kingstar regularly work with a third party company, Golf Gifts & Gallery ("GGG"), who specializes in golf accessories. GGG contacted Wang, on behalf of a client, with a request to design and manufacture a new golf club. On information and belief, the client was Golf Tailor. GGG began

placing orders for the new golf club in March 2015. And, the orders were between GGG and Kingstar.

7. On information and belief, in August 2015 GGG requested specifications of the design of a new golf club on behalf of Defendant. On information and belief, in September 2015 GGG stated that Defendant was submitting the XE1 brand Golf Club to the United States Golf Association ("USGA") for approval and requested product composition, club head, club face, and shaft information for this purpose. Wang, as the designer of the club, provided the requested information to GGG. Special sample clubs for USGA testing were sent by Wang and Kingstar on or about January 14, 2016.

8. As one who works with Chinese manufacturers, Wang is aware of intellectual property theft and dutifully protects his intellectual property in China and abroad. Therefore, on or about October 24, 2015, Wang filed for design patent protection on his golf club design in China. Wang subsequently filed a patent application for design patent protection in the United States with U.S. Design Patent Application No. 29/557,618, now U.S. Design Patent D766,388.

9. On or about November 12, 2015, Defendant placed the last order for the golf club from Wang and Kingstar. The last shipment of golf clubs to Defendant was in or about March 2016. On information and belief, Defendant had provided the specifications to and begun placing orders from a third party manufacturer.

10. In or about April 2016, Wang received notice that Defendant demanded all intellectual property rights, including the aforesaid Chinese Design Patent, be assigned to Golf Tailor.

**B. WANG'S OWNERSHIP AND REGISTRATION OF U.S. PATENT NO. D766,388**

11. On September 13, 2016, after a full and fair examination, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. D766,388 (the "'388 Patent"), entitled "Golf Club." A true and correct copy of the '388 Patent is attached as Exhibit A. Since its issuance to Wang, the '388 Patent has been in full force and effect.

Wang owns all right, title, and interest to the '388 Patent, including the right to enforce and sue for past, present, and future infringements.

**<u>C. DEFENDANT'S INFRINGING ACTIVITY</u>**

12. On information and belief, Defendant has given Wang's design to a third party manufacturer and subsequently has directed the manufacture of clubs using Wang's design, and imported and sold such infringing clubs in the United States, the Eastern District of Texas, and elsewhere in Texas.

13. On information and belief, Defendant owns, controls, and/or manages the www.xe1golf.com website and the www.xe1wedge.com website.

14. On information and belief, Defendant continues to expose for sale, offer to sell, and sell the infringing golf clubs manufactured by a third party manufacturer without Wang's permission in the United States, the Eastern District of Texas, and elsewhere in Texas, at least through the websites www.xe1golf.com and www.xe1wedge.com.

15. Defendant's website www.xe1wedge.com states that the XE1 has a "patented design". On information and belief, this is an acknowledgment of Plaintiff's rights or alternatively is False Marking pursuant to 35 U.S.C. 292.

The below images were retrieved from www.xe1golf.com and www.xe1wedge.com.

| **WANG Design Patent No. D766,388** | **Golf Tailor Infringing Club** |
|---|---|
|  Fig. 1 |   |



Fig. 3





Fig. 5




16. Despite Defendant's actual and constructive knowledge regarding Wang's prior and superior rights, and without Wang's authorization, on information and belief Defendant continues to offer the infringing golf club for sale in the United States, the Eastern District of Texas, and elsewhere in Texas.

17. Defendant's willful and deliberate actions have caused significant harm to Wang. On information and belief, Wang has lost customers and revenue due to the illegal and infringing product being manufactured by a third party at the direction of Defendant and put into the stream of commerce in the United States, the Eastern District of Texas, and elsewhere in Texas by Defendant.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. D766,388**

18. Wang restates and incorporates all previous allegations of this Complaint by reference as though set forth in paragraphs 1 through 17.

19. Defendant is directly infringing, contributing to the infringement of, or inducing others to infringe the ‘388 Patent by making, using, offering to sell, or selling the accused products within, or importing the accused products into, the United States, or inducing others to make, use, offer to sell, or sell the accused products within, or import the accused products into, the United States.

20. As a result of Defendant’s unlawful infringement of the ‘388 Patent, Wang has suffered and will continue to suffer irreparable injury and damages as long as Golf Tailor’s infringing activities continue.

21. Wang is entitled to damages adequate to compensate Wang for the injuries complained of herein. Wang is further entitled to have Defendant enjoined from committing future acts of infringement that would subject Wang to irreparable harm.

22. Upon information and belief, Defendant’s acts of infringement herein are made with full knowledge of Wang’s rights in the ‘388 Patent. Such acts constitute willful and deliberate infringement, entitling Wang to enhanced damages and reasonable attorney fees.

23. Defendant’s acts of infringement have caused and will continue to cause irreparable injury to Wang unless and until enjoined by this Court.

24. Defendant’s acts are willful, in disregard of, and with indifference to the rights of Wang.

25. As a direct and proximate cause of the infringement by Defendant, Wang is entitled to damages, reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney’s fees pursuant to 35 U.S.C. § 285. Additionally,

Defendant is liable to Wang to the extent of Defendant's total profit, but not less than $250, pursuant to 35 U.S.C. § 289.

**COUNT II: UNFAIR COMPETITION AT COMMON LAW**

26. Wang restates and incorporates all previous allegations of this Complaint by reference as though set forth in paragraphs 1 through 25.

27. The above-described acts and omissions, including, but not limited to, Defendant's continued infringement of Wang's '388 design Patent and False Marking pursuant to 35 U.S.C. § 292 constitute Unfair Competition at Common Law.

28. Defendant's association of its unpatented products with the phrase "patented design" constitutes a misrepresentation of the nature of its products and an attempt to claim Wang's innovations.

29. Defendant has misappropriated Wang's patented design and has sold and continues to sell the Golf Club in commerce nationwide, deceiving consumers and competing manufacturers into believing that Defendant is the innovator of Wang's design for the Golf Club.

30. Defendant knows that its representations of fact are false and misleading.

31. Defendant's misrepresentations are calculated to deceive consumers.

32. Defendant's false or misleading representations of fact will have the natural and probable result of deceiving a portion of the target consumer audience.

33. By reason of these wrongful acts and omissions by Defendant, Wang has suffered and will suffer damage. Additionally, these wrongful acts and omissions by Defendant have caused, and unless restrained and enjoined by this Court will continue to cause, serious irreparable injury and damage to Wang.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff Jonathan Wang prays for relief, as follows:

(1) A judgment that Golf Tailor has infringed the '388 patent;

(2) An order and judgment preliminarily and permanently enjoining Golf Tailor and their officers, agents, employees, representatives, successors and assigns, and any others acting in concert with Golf Tailor who receive actual notice of the order, from any further direct or indirect acts of infringement, contributory infringement, or inducement of infringement of the '388 patent, as permitted by 35 U.S.C. § 283;

(3) A judgment awarding Wang all damages adequate to compensate for Golf Tailor's infringement, past and present, and in no event less than a reasonable royalty for Golf Tailor's acts, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(5) A judgment awarding Wang Golf Tailor's total profit, but not less than $250, pursuant to 35 U.S.C. § 289.

(4) A judgment awarding Wang all damages, including treble damages, based on any infringement found to be willful;

(5) Declare that this is an exceptional case under 35 U.S.C. § 285, and award Wang its reasonable attorney's fees, costs and disbursements;

(6) A judgment compensating Wang for the competitive injury resulting from Defendant's False Marking under 35 U.S.C. § 292; and

(7) A judgment awarding Wang such further, necessary and proper relief as the Court may deem just and reasonable.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Jonathan Wang respectfully demands a jury trial on all issues so triable.

Date: September 13, 2016

Respectfully submitted,

By: */s/ Collin Maloney*

Collin Maloney
Texas Bar No. 00794219
cmaloney@icklaw.com
Otis Carroll
Texas Bar No. 03895700
otiscarroll@icklaw.com
**IRELAND, CARROLL & KELLEY, P.C.**
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Tel: (903) 561-1600
Fax: (903) 581-1071

And,

Timothy J. Maier
E-mail: tjm@maierandmaier.com
Daniel J. Ehrlich
E-mail: dje@maierandmaier.com
**Maier & Maier, PLLC**
345 South Patrick Street
Alexandria, Virginia 22314
Telephone: 703-740-8322
Facsimile: 703-991-7071

ATTORNEYS FOR PLAINTIFF,
JONATHAN WANG