**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| JONATHAN WANG,<br><br>Plaintiff,<br><br>vs.<br><br>GOLF TAILOR, LLC,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 6:16-cv-1163- RWS/JDL (Lead)<br><br>**JURY TRIAL DEMANDED** |
| GOLF TAILOR, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN WANG,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 6:16-cv-1233 (Consolidated)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF JONATHAN WANG'S ANSWER TO DEFENDANT GOLF TAILOR, LLC'S COUNTERCLAIMS**

Plaintiff/Counterclaim-Defendant Jonathan Wang ("Wang") hereby responds to the Counterclaims of Defendant Golf Tailor, LLC ("Golf Tailor") as follows:

**COUNTERCLAIMS**

**PARTIES**

1. Golf Tailor is a privately-held LLC incorporated under Oklahoma laws, with its principal place of business at 103 S. Broadway, Ste. 210, Edmond Oklahoma. Golf Tailor's business is the design, sale, and distribution of golf clubs and accessories.

**Answer**: Wang admits that Golf Tailor is a privately-held LLC incorporated under Oklahoma laws, with its principal place of business at 103 S. Broadway, Ste. 210, Edmond Oklahoma. Wang admits that Golf Tailor's business is the sale and distribution of golf clubs and accessories. Wang is without knowledge and information sufficient to form a belief as to

whether Golf Tailor's business is the design of golf clubs and accessories.

2. On information and belief, Wang is an individual who resides in the State of California.

**Answer**: Wang admits that he resides in California.

## JURISDICTION

3. Golf Tailor's counterclaims for declaratory relief arise under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., and the patent laws of the United States, 35 U.S.C. § 100, et seq.

**Answer**: Wang admits that Golf Tailor purports to assert counterclaims for declaratory relief arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., and the patent laws of the United States, 35 U.S.C. § 100, et seq. Wang denies that Golf Tailor has asserted a counterclaim on which relief can be granted.

4. This Court has subject matter jurisdiction of this dispute pursuant to 28 U.S.C. §§ 1331, and 1338(a), 2201 and 2202.

**Answer**: Admitted.

5. This Court has personal jurisdiction over Wang for at least the following reasons: Wang has made use of the federal court system in Texas by filing the present action in the United States District Court for the Eastern District of Texas. This Court's exercise of personal jurisdiction over Wang does not offend traditional notions of fair play and substantial justice.

**Answer**: Wang admits that he has submitted to the personal jurisdiction of this Court for purposes of this action only and that this Court's exercise of personal jurisdiction over Wang in this action does not offend traditional notions of fair play and substantial justice. Except as expressly admitted, Wang denies the remaining allegations in Paragraph 5 of Golf Tailor's Counterclaims.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**Answer**: Admitted.

## BACKGROUND AND FACTS

7. Wang claims to be the owner of all rights, title and interest in and under United States Patent No. D769,390 (the "'390 Patent"). Wang alleges that Golf Tailor infringed one or more claims of the '390 Patent. Golf Tailor denies infringement, denies that any alleged infringement was willful or deliberate, and contends that the '390 Patent is invalid and unenforceable because of inequitable conduct. An immediate, real, and justiciable controversy exists between Golf Tailor and Wang as to whether the '390 Patent is invalid or unenforceable, or has not been infringed.

**Answer**: Wang admits that he claims to be the owner of all rights, title and interest in and under United States Patent No. D769,390 (the "'390 Patent"). Wang admits that he alleges that Golf Tailor infringed one or more claims of the '390 Patent. Wang admits that an immediate, real, and justiciable controversy exists between Golf Tailor and Wang as to whether the '390 Patent has been infringed. Except as expressly admitted, Wang denies the remaining allegations in Paragraph 7 of Golf Tailor's Counterclaims.

8. The design for the accused Speed Stik club was conceived of by Golf Tailor CEO Tim Oyler in 2015, without the assistance of Mr. Wang. This design was transmitted to Golf Gifts & Gallery ("GGG") for the purpose of having GGG reduce Mr. Oyler's design to practice.

**Answer**: Denied.

9. Mr. Wang signed a declaration under oath before the U.S. Patent office stating that he believed he was the original inventor or an original joint inventor of the invention claimed in design patent application No. 29/571,084, which later issued as the '390 Patent at issue in this case. Nowhere was Mr. Oyler's name or status as inventor mentioned in the design patent application. On information and belief, Mr. Wang's exposure to Mr. Oyler's original design would have been from reviewing Mr. Oyler's documents originally sent to GGG. Mr. Oyler never authorized GGG to send documents to Mr. Wang, and in fact had not heard of Mr. Wang until recently.

**Answer**: Wang admits that he signed a declaration under oath before the U.S. Patent Office stating that he believed he was the original inventor or an original joint inventor of the invention claimed in design patent application No. 29/571,084, which later issued as the '390 Patent at issue in this case. Wang admits that Mr. Oyler's is not named as an inventor in the design patent application. Except as expressly admitted, Wang denies the remaining allegations

in Paragraph 9 of Defendant's Counterclaims.

**COUNT I**
**(Declaratory Judgment of Invalidity)**

10. Golf Tailor realleges and incorporates herein the allegations contained in paragraphs 1-9 of this counterclaim.

**Answer**: Wang admits that Golf Tailor purports to reallege and incorporate the allegations contained in paragraphs 1-9 of this Counterclaim.

11. Wang claims to be the owner by assignment of all rights, title and interest in and under the '390 Patent.

**Answer**: Wang admits that he claims to be the owner of all rights, title and interest in and under the '390 Patent. Except as expressly admitted, Wang denies the remaining allegations in Paragraph 11 of Golf Tailor's Counterclaims.

12. Wang further contends that the '390 Patent is valid and has created a substantial, immediate and real controversy between the parties as to the invalidity of these patents.

**Answer**: Wang admits that he contends that the '390 Patent is valid. Except as expressly admitted, Wang denies the remaining allegations in Paragraph 12 of Golf Tailor's Counterclaims.

13. Each claim of the '390 Patent is invalid for failing to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation, §§ 101. In particular, the '390 Patent is invalid for failure to name Mr. Oyler as an inventor.

**Answer**: Denied.

14. Absent a declaration of invalidity, Wang will continue to wrongfully assert the Patent-in-Suit against Golf Tailor, and thereby cause Golf Tailor irreparable injury and damage. A judicial declaration that all of the claims of the '390 Patent are invalid is necessary and proper.

**Answer**: Denied

**COUNT II**
**(Declaratory Judgment of Non-Infringement)**

15. Golf Tailor realleges and incorporates herein the allegations contained in

paragraphs 1-14 of this counterclaim.

**Answer**: Wang admits that Golf Tailor purports to reallege and incorporate the allegations contained in paragraphs 1-14 of this Counterclaim.

16. Wang has accused Golf Tailor of infringement of the ’390 Patent and has created a substantial, immediate and real controversy between the parties as to the non-infringement of the ’390 Patent.

**Answer**: Wang admits that he has accused Golf Tailor of infringement of the ’390 Patent and has created a substantial, immediate and real controversy between the parties as to the infringement of the ’390 Patent. Except as expressly admitted, Wang denies the remaining allegations in Paragraph 16 of Golf Tailor’s Counterclaims.

17. The ’390 Patent is invalid for failure to name Mr. Oyler as an inventor. Accordingly, Golf Tailor does not directly infringe, contributorily infringe, or induce the infringement of any valid claim of the ’390 Patent.

**Answer**: Denied.

18. Absent a declaration of non-infringement, Wang will continue to wrongfully assert the ’390 Patent against Golf Tailor, and thereby cause Golf Tailor irreparable injury and damage. A judicial declaration that Golf Tailor does not infringe any valid claim of the Patent-in-Suit is necessary and proper.

**Answer**: Denied.

## GENERAL DENIAL

Unless expressly admitted herein, Wang denies each and every allegation set forth in Golf Tailor’s Counterclaims.

## WANG’S PRAYER FOR RELIEF

WHEREFORE, Wang respectfully requests that the Court enter Judgment in its favor and against Golf Tailor as follows:

A. Denying Golf Tailor’s Prayer for Relief and dismissing Golf Tailor’s Counterclaims against Wang with prejudice;

B. Finding that Golf Tailor is not entitled to any relief on its Counterclaims, including, without limitation, any damages, costs, fees or other assessment;

C. Awarding Wang its costs and fees; and

D. Granting Wang such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Wang hereby demands a trial by jury on all issues so triable.

Dated: February 13, 2017

Respectfully submitted,

McDERMOTT WILL & EMERY LLP

By:*/s/ Barrington Dyer*

Barrington Dyer (*Admitted Pro Hac Vice*)
bdyer@mwe.com
Fabio Marino (*Admitted Pro Hac Vice*)
fmarino@mwe.com
McDermott Will & Emery LLP
275 Middlefield Road, Ste. 100
Menlo Park, CA 94025
Telephone: 650-815-7400
Facsimile: 650-815-7401

ATTORNEYS FOR PLAINTIFF AND COUNTERCLAIM DEFENDANT JONATHAN WANG

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who have consented to electronic serve are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 13th day of February, 2017.

/s/ *Barrington Dyer*
Barrington Dyer